# SUPERIOR COURT OF BALTIMORE CITY.

Filed November 26, 1906.

WILLIAM R. LANGFORD
VS.
GEORGE M. JEWETT.

John S. Young and Howard Bryant for plaintiff.

Stevenson A. Williams and H. J. Jewett for defendant.

PHELPS and NILES, JJ.—

The question now to be decided in this case arises upon the defendant's demurrers to various replications filed by the plaintiff. The case has been on the docket for several years, and has been once tried. A new trial was, however, granted, after which all the previous pleas were stricken out, and eight new pleas filed by leave of court.

The cause of action is a judgment recovered in the State of Nebraska in the year 1890.

Defendant's First Plea—The defendant's first plea is payment. This is met by the common traverse, and no question arises upon this plea.

Defendant's Second Plea—The defendant's second plea is nul tiel record, and upon that plea issue is joined, and, of course, no question arises thereupon.

Defendant's Third Plea—The defendant's third plea alleges the assignment of a third part of said judgment in writing to a certain James B. Foree, and a re-assignment in writing by Foree of said third part to the defendant and the due recording in a Nebraska court of both of these assignments. To this plea, ten replications were filed.

Upon the first, fourth and fifth replications issue was joined, and to the seventh and tenth replications the common traverse was filed. The second replication alleges that the assignment to Foree was made more than three years before the time of plea pleaded. The third replication alleges that the assignment to Foree was made more than five years before the time of plea pleaded. The eighth replication alleges that the assignment from Foree to the defendant was made more than three years before the time of the plea. The ninth replication alleges that the assignment from Foree to the defendant was made more than five years before the time of plea pleaded. All these replications are designed to raise the point that the Nebraska statute of limitations would apply to these assignments "the same as against any cause of action."

It has already been decided in this case, that the Statute of Limitations of Nebraska does not apply in the case of any suit brought in a Maryland court, because such a statute relates simply to the remedy, and must be governed by the lex fori.

But the question here is, in the opinion of the court, not a question of limitations at all. No suit is being brought upon the assignment against the plaintiff. It is merely the question of plaintiff's title.

If the judgment to the extent of one-third has been assigned by assignments which can not be questioned in this case so that this third now belongs not to the plaintiff but to the defendant, it would seem plain that plaintiff had no title to this one-third, and had no right to sue the defendant for its enforcement. It would make no difference at what time prior to the institution of the suit the defendant acquired the interest of the plaintiff in this third.

These replications would, therefore, be held bad, and the demurrer to them sustained were the plea to be held good.

The sixth replication seems to be obnoxious to the objection, that it states matter of law and not of fact, and would, therefore, be held bad were the plea held good.

The demurrer, however, to these replications mounts to the plea, and requires the consideration of the question whether the plea be good. The plea is filed with other pleas at bar, and does not profess to be, and cannot be taken as a plea in abatement; and there is nothing apparent on its face by which it is, in terms, pleaded to a part only of the plaintiff's demand. Alleging, as it does, an assignment by the plaintiff to a third person, and a reassignment by that third person to the defendant of one-third of the judgment, the effect of it is that the defendant has satisfied one-third of the judgment.

As to the rest of the judgment, it offers no defense.

It is, therefore, obnoxious to the rule of pleading, that every plea pleaded, unless it professes to answer only part of the plaintiff's claim, must answer the whole claim.

Whether or not this is such a plea as could be cured by amendment, by which it would, upon its face, show that it was only intended to answer a part of the declaration is not important in this case, because the defendant will receive all the benefit of this plea under his eighth plea; and it is for this reason that the replications are passed upon in this opinion, so that it might be indicated to the plaintiff what answers to this defense, when properly pleaded, would be held valid in this court.

Defendant's Fourth Plea. — The fourth plea alleges that a certain H. Wade Gillis, under the laws of Nebraska, duly filed his claim for attorney's fees to the extent of $736.25, which, thereupon, became a lien upon the judgment, and that said lien was duly assigned to the defendant.

This plea answering only a part of the plaintiff's claim, although professing to answer the whole, must be held bad for the same reason assigned as to the third plea, but, as in regard to the third plea, so here, it would seem advisable that the counsel be informed as to the attitude of the court on the points raised by the replications to this plea, inasmuch as the same defense is raised under the eighth plea.

Of the six replications filed to the fourth plea, issue is joined on the first and the common traverse filed to the fifth and sixth.

The second replication alleges that the claim of Gillis "has been satisfied and discharged by payment." This replication fails to take account of the allegation in the plea, that the Gillis claim was assigned to the defendant with notice of such assignment to the plaintiff, and to be valid the replication should further allege that the payment was made to Gillis before notice of the assignment received by the plaintiff. In its present form, the replication would be bad.

The third replication sets out that Gillis brought a separate suit in the State of Nebraska, to recover the very amount which was secured by the alleged lien on the judgment and recovered judgment for that amount, which judgment was paid by the plaintiff. As this replication stands, it does not answer the claim of the assignment to the defendant with notice, which is set up on the plea. To be valid, it should allege, that this judgment was recovered and paid before any notice of such assignment was received by the plaintiff. In its present shape, it would be held bad.

The fourth replication to the same plea alleges that in a suit brought by the plaintiff against a third party in the State of Nebraska, Gillis was made plaintiff by order of court passed therein, and recovered a judgment for the very amount so secured by lien, on the judgment which is the cause of action in this case, and that his said judgment and cost have been fully paid to the said Gillis. The same ruling would be made upon this replication as upon the third and fourth. The notice to the plaintiff of the alleged assignment before his payment of this lien must be negatived by the replication in order to make it good.

Defendant's Fifth Plea.—The fifth plea alleges the assignment of one-third of this judgment to James R. Foree, and a subsequent release by his deed to the defendant of the said third.

This plea will also be held bad as only answering a part of the plaintiff's claim; but, as in the case of the two previous pleas, the same defense is raised in the eighth plea, and the court, therefore, thinks it proper to indicate its views in regard to replications filed.

Of these replications there are nine. On the third and fourth and sixth issue is joined, and to the fifth and ninth the

common traverse is filed. The first, second, seventh and eighth are intended to raise a similar question under the Nebraska statute of limitations to that already adverted upon in dealing with the third plea, and these replications would be held bad.

Defendant's Sixth Plea.—This plea sets up a lien of Gillis for the amount of $736.25 and the satisfaction and discharge of said lien by the defendant. On the first and seventh replications to this plea issue is joined, and the fifth and six replications are traversed. The second replication alleges that the Gillis lien or claim has been satisfied and discharged by payment. The replication is perfectly consistent with the plea and would be held bad.

The third replication states that Gillis brought a suit against the plaintiff for the amount of his lien, and recovered judgment against him, which judgment has been fully paid and satisfied to the said Gillis. If this allegation were true, it would not necessarily be inconsistent with the statement of the plea that Gillis received the same amount from the defendant, and released the judgment pro tanto to him. It would merely prove that Gillis had received double payment for his claim. The replication would, therefore, be held bad without a further allegation that the payment was made before the plaintiff received notice of the assignment. The point suggested by this replication seems to be clearly made under the fifth and sixth replications.

The fourth replication sets out, that the plaintiff instituted a suit against a third party in Nebraska, to which suit said Gillis was made party by order of court, and that therein Gillis recovered the full amount of his lien claim, which judgment and costs were fully paid and satisfied to Gillis prior to May 26th, 1903, whereof the defendant Jewett had notice.

This replication would be good if it went on to say, as is done in the sixth replication, that Jewett had notice of the facts therein alleged, prior to the 28th day of May, 1903. In its present form it would be bad.

Defendant's Seventh Plea. — The seventh plea is a tender of $592.83, and an allegation that said sum is enough to satisfy plaintiff's claim. By replication, the sufficiency of this sum is denied and issue is joined upon the replication.

Defendant's Eighth Plea.—The defendant's eighth plea sets out an assignment of one-third of the judgment to Foree, and an assignment and release on December 21, 1894, of said one-third to the defendant. It further sets forth the claim of Gillis—made a valid lien under the Nebraska law on the judgment for $736.25—of which the defendant had notice; of the satisfaction and discharge of that lien by the defendant and the assignment and release of that lien by Gillis to the defendant. It further sets forth that, after the assignment and release of the respective interests of Foree and Gillis, the balance due on the judgment which is the cause of action, is the sum of $592.83, which is tendered and paid into court. This plea is demurred to as being double pleading, inasmuch as it sets up in one plea several defenses, and would require several replications to meet the defenses set up therein, and also because all the defenses set up in the eighth plea are specifically pleaded in previous pleas.

In the view of the court, however, this is the proper form for a plea to assume. It answers the whole declaration, and although there are different answers to different parts of the claim, there is but one answer to each part. It sets up what the court thinks is—if proven—a valid defense.

Whether a judgment can be assigned in part by a plaintiff so as to subject the defendant to several suits, cannot be a question here, for both parties to this case would be estopped from denying the validity of the assignment. The plaintiff cannot dispute his own act, and the defendant has ratified it by pleading it.

The replications which have been indicated in this opinion as good replications to the previous pleas can be filed to this plea, provided each of these replications states on its face the part of the plea to which it professes to be an answer.

The demurrers filed will, in accordance with this opinion, be sustained as to the defendant's third, fourth, fifth and sixth pleas. The demurrer to the defendant's eighth plea will be overruled, with leave given to the plaintiff to reply to said plea within fifteen days.